IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 4:18-cr-00293-DGK-14 |
| v. | ) | |
| | ) | |
| CORY TAZ-DALTON HACK, | ) | |
| | ) | |
| Defendant. | ) | |

## PRELIMINARY ORDER OF FORFEITURE

Now before the Court is the Government's Motion for a Preliminary Order of Forfeiture, ECF No. 572. In the Forfeiture Allegation of the Third Superseding Indictment in this case, the United States sought forfeiture of the following:

a. Beretta 92S 9 mm semi-automatic handgun, serial number U22039Z;

b. Smith and Wesson 40 caliber semi-automatic handgun serial number DTL2346;

c. Glock model 22 semi-automatic handgun serial number NBW256;

d. VMAC MAC 11 .45 caliber handgun, serial number P14280;

e. WISE .223 AR pistol serial number 11969;

f. M92PV AK47 pistol serial number M92PV065595;

g. Marlin, .22 caliber long rifle Serial Number 22347947;

h. Cobra SF380, .380 caliber semi-automatic pistol, serial number FS0999788;

i. Tan in color ("peanut butter") Glock 19, 9 mm semi-automatic pistol, serial number ABZX738;

j. CAI, Model PepM9P2V, 7.62 x 39 mm pistol, bearing serial number M92PV065595;

k. Glock 19, 9 mm semi-automatic firearm, bearing serial number BAZK342;

l. 20 ga. firearm, make and model obliterated, serial number H380221[1];

m. Glock 19, 9 mm semi-automatic handgun, serial number ACHY981[2];

n. Glock 22 .40 caliber semi-automatic handgun, serial number BHAK692[3];

o. IO Inc Inter Ordnance multi-caliber pistol serial number SDW-00160[4];

p. Taurus 9 mm serial number THP36424[5];

q. Glock 20, 10 mm semi-automatic handgun, serial number BDDK234[6];

r. Zastava Pap 7.62 caliber rifle, serial number M92PV029294;

s. Stag Arms model STAG-15, semi-automatic AR15 pistol, serial number 64773[7];

t. American Tactical Imports, model OMNI HYBRID, multi-caliber AR 15 rifle, serial number N5167731[8];

u. Century Arms International, Model M85NP 7.62 x 39 semiautomatic handgun, serial number M85-NP00959;

v. Century Arms International, Model M92PV, AR 15 7.62 x 39 semiautomatic handgun, serial number M92PV029294[9];

---

1 The United States is not seeking forfeiture of the 20 ga. firearm, make and model obliterated, serial number H380221. It has been administratively forfeited. *See* 19 U.S.C. § 1607(a)(1).

2 The United States is not seeking forfeiture of the Glock 19, 9 mm semi-automatic handgun, serial number ACHY981. It has been administratively forfeited.

3 The United States is not seeking forfeiture of the Glock 22 .40 caliber semi-automatic handgun, serial number BHAK692. It has been administratively forfeited.

4 The United States is not seeking forfeiture of the IO Inc Inter Ordnance multi-caliber pistol serial number SDW-00160. This has been administratively forfeited.

5 The United States is not seeking forfeiture of the Taurus 9 mm serial number THP36424. It has been administratively forfeited.

6 The United States is not seeking forfeiture of the Glock 20, 10 mm semi-automatic handgun, serial number BDDK234. It has been administratively forfeited.

7 The United States is not seeking forfeiture of the Stag Arms model STAG-15, semi-automatic AR15 pistol, serial number 64773. It has been administratively forfeited.

8 The United States is not seeking forfeiture of the American Tactical Imports, model OMNI HYBRID, multi-caliber AR 15 rifle, serial number N5167731. It has been administratively forfeited.

9 The United States is not seeking forfeiture of the Century Arms International, Model M92PV, AR 15 7.62 x 39

w. Winchester 1200, 12 ga. shotgun, serial number 3815[10];

x. MAVERICK 88 by Mossberg 12 ga. shotgun, serial number MV0105656[11];

y. Taurus PT111G2 9 mm semi-automatic pistol, serial number TKN19799[12];

z. GLOCK 22, .40 caliber semi-automatic pistol, serial number RMX867[13];

aa. Smith and Wesson SD40VE .40 caliber semiautomatic handgun, serial number HEY3705[14];

bb. RUGER EC9S 9 mm semi-automatic pistol, serial number 455-03954[15];

cc. Taurus model PT111G2, 9 mm semi-automatic pistol, serial number TLS49750[16];

dd. Mossberg model 500 12 ga. shotgun, serial number U117427[17];

ee. Smith and Wesson SD9BE 9 mm semi-automatic pistol, serial number HEB0953[18];

---

semiautomatic handgun, serial number M92PV029294. It has been administratively forfeited.

10 The United States is not seeking forfeiture of the Winchester 1200, 12 ga. shotgun, serial number 3815. It has been administratively forfeited.

11 The United States is not seeking forfeiture of the MAVERICK 88 by Mossberg 12 ga. shotgun, serial number MV0105656. It has been administratively forfeited.

12 The United States is not seeking forfeiture of the Taurus PT111G2 9 mm semi-automatic pistol, serial number TKN19799. It has been administratively forfeited.

13 The United States is not seeking forfeiture of the GLOCK 22, .40 caliber semi-automatic pistol, serial number RMX867. It has been administratively forfeited.

14 The United States is not seeking forfeiture of the Smith and Wesson SD40VE .40 caliber semiautomatic handgun, serial number HEY3705. It has been administratively forfeited.

15 The United States is not seeking forfeiture of the RUGER EC9S 9 mm semi-automatic pistol, serial number 455-03954. It has been administratively forfeited.

16 The United States is seeking forfeiture of the Taurus model PT111G2, 9 mm semi-automatic pistol, serial number TLS49750. It has been administratively forfeited.

17 The United States is not seeking forfeiture of the Mossberg model 500 12 ga. shotgun, serial number U117427. It has been administratively forfeited.

18 The United States is not seeking forfeiture of the Smith and Wesson SD9BE 9 mm semi-automatic pistol, serial number HEB0953. It has been administratively forfeited.

ff.     Masterpiece Arms 9 mm semi-automatic pistol, serial number F15965[19];

gg.     American Tactical, MSA 011215, 55.5 x 45 rifle;

hh.     Smith and Wesson MP9, serial number NBK5663;

ii.     N- Pap, 7.62 x 39 mm rifle, serial number N-PAP021048;

jj.     Romarm SAR2 5.45mm x 39mm rifle, serial number S2-06645-2002;

kk.     Ruger 10-22, .22LR rifle, serial number 128-20343;

ll.     Unknown manufacturer, .22 caliber AK - 47, serial number 794002;

mm.     Anderson Manufacturing, AM-15, Multi Cal 5.56 pistol, serial number 17052123;

nn.     Taurus PT 92 AFS, 9 mm semiautomatic handgun, serial number TCX53200;

oo.     Taurus PT111G2, 9 mm semiautomatic handgun, serial number TJX32101;

pp.     Taurus, 357 magnum revolver, model 605, serial number G528419;

qq.     Glock 30S, .45 caliber semiautomatic handgun, serial number BEVH508;

rr.     Smith and Wesson SD 40, .40 caliber semiautomatic handgun, serial number FBJ2425;

ss.     SCCY 9 mm semiautomatic handgun serial number 19603;

tt.     Remington 870 shotgun serial number B668792M;

uu.     Two Jiminez Arms 9 mm semiautomatic handguns, serial numbers 384170 and 410835;

vv.     TC Montgomery double barrel shotgun, serial number 71276;

ww.     Connecticut Valley Arms .50 caliber rifle serial number 87130368;

xx.     Two S&W SW 40 VE .40 caliber semiautomatic handguns serial numbers DMV7530 and HEY3705;

---

[19] The United States is not seeking forfeiture of the Masterpiece Arms 9 mm semi-automatic pistol, serial number F15965. It has been administratively forfeited.

yy. Taurus G2C 9 mm semiautomatic handgun serial number TLS49750;

zz. two Ruger EC9S 9 mm semiautomatic handguns serial numbers 455-03954 and 454-99301;

aaa. Taurus PT111G2 9 mm semiautomatic handgun serial number TKN19799;

bbb. Raven Arms MP-25 .25 caliber semiautomatic handgun, SCCY CPX-2 9 mm semiautomatic handgun;

ccc. S&W M&P-15 rifle serial number 42469;

ddd. various ammunition; and

eee. a money judgment for approximately $4,160,000 in United States currency

pursuant to Title 21, United States Code, Section 853 and Title 18, United States Code, Section 982(a)(1). ECF No. 261.

On March 22, 2022, Defendant Cory Taz-Dalton Hack entered into a plea agreement with the United States in which he agreed to plead guilty to Counts One, Two, and Four of the Third Superseding Indictment, charging violations of Title 21, United States Code, §§ 841(a)(1), (b)(1)(C) and 846; Title 18, United States Code, § 1956(a)(1)(A)(i), (B)(i), (ii) and (h); and Title 18, United States Code, § 924(c)(1)(A)(i) and to forfeit to the United States his interest in the property identified in the Forfeiture Allegation of the Third Superseding Indictment. ECF No. 570.

The Court has determined, based upon the evidence set forth in the plea agreement, that the Government has established the requisite nexus between the property described herein and in the Forfeiture Allegation of the Third Superseding Indictment and the offenses to which Defendant has pleaded guilty.

5

Case 4:18-cr-00293-DGK   Document 573   Filed 05/02/22   Page 5 of 7

By virtue of the plea agreement, the Government is entitled to a Preliminary Order of Forfeiture and to possession of the property pursuant to Title 21, United States Code, § 853 and Title 18, United States Code, § 982(a)(1).

Accordingly:

1. The above-described property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, § 853(n).

2. Defendant shall pay to the United States a personal money judgment in an amount to be determined by the Court at sentencing based on the defendant's drug responsibility.

3. Upon entry of this Order, the United States Attorney General or his designee is authorized to seize the above-described property in accordance with Fed. R. Crim. P. 32.2(b)(3).

4. Pursuant to Title 21, United States Code, § 853 and Title 18, United States Code, § 982(a)(1), the Government shall publish for at least 30 consecutive days on the Government's official website, www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than Defendant, having or claiming a legal interest in the above-described property must file a petition with the Court (and serve a copy on Bruce Rhoades, Assistant United States Attorney), within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6

Case 4:18-cr-00293-DGK   Document 573   Filed 05/02/22   Page 6 of 7

The Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing or before if Defendant consents and shall be made part of the sentence and included in the judgment.

6. The Government may conduct any discovery it considers necessary to identify, locate, or dispose of the property subject to forfeiture or substitute assets for such property.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture in which all interests will be addressed.

**IT IS SO ORDERED.**

Date: May 2, 2022  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT